1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT KALANI,                    No.  2:13-cv-00061 JAM-CKD

11              Plaintiff,

12      v.                             **ORDER GRANTING PLAINTIFF'S
                                       MOTION FOR LEAVE TO AMEND**
13   NATIONAL SEATING AND
     MOBILITY, INC.; TRIMBLE LAND
14   COMPANY, LLC,

15              Defendants.

16

17        This matter is before the Court on Plaintiff Robert Kalani's

18   ("Plaintiff") Motion for Leave to File a First Amended Complaint

19   ("FAC") (Doc. #18).  Defendant Trimble Land Company, LLC

20   ("Trimble") filed a notice of non-opposition (Doc. #19).

21   Defendant National Seating and Mobility, Inc., ("National

22   Seating") opposes the motion (Doc. #20).[1]  For the following

23   reasons, Plaintiff's motion is GRANTED.

24   ///

25   ///

26
     _____
27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for August 7, 2013.

                                    1

1

          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2         This case was initially filed on January 14, 2013 (Doc. #2).

3    In the complaint, Plaintiff alleges three causes of action

4    against Trimble and National Seating: (1) violation of the

5    Americans with Disabilities Act of 1990 ("ADA"); (2) violation of

6    the Unruh Civil Rights Act; and (3) denial of full and equal

7    access to public facilities.  Compl. ¶¶ 15-44.

8         Plaintiff alleges that he visited the store owned/operated

9    by Trimble and National Seating on May 29, 2012.  Id. ¶ 10.

10   During his visit, he discovered that there were no parking spaces

11   designated as accessible in front of the store causing him to

12   park farther away.  Id.  He also had difficulty using the men's

13   restroom at the store.  Id.

14        After this case was filed, Plaintiff had a consultant

15   inspect the store to identify all barriers in the store related

16   to Plaintiff's disability.  Declaration of Tanya Moore, Doc. #18-

17   4, ¶¶ 2-4.  Plaintiff now seeks leave to file a FAC to include an

18   additional thirty-nine barriers discovered by his consultant.

19   FAC ¶ 11, Ex. A to Memorandum, Doc. #18-2.

20                          II.   OPINION

21        A.   Legal Standard

22        Under Federal Rule of Civil Procedure 15(a)(2), a party may

23   amend its pleading only with the opposing party's written consent

24   or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2)

25   prescribes that "[t]he court should freely give leave when

26   justice so requires."  Id.  "This [leave] policy is 'to be

27   applied with extreme liberality.'"  Eminence Capital, LLC v.

28   Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal

                                 2

1   citations omitted).  "Four factors are commonly used to determine

2   the propriety of a motion for leave to amend.  These are: bad

3   faith, undue delay, prejudice to the opposing party, and futility

4   of amendment."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186

5   (9th Cir. 1987) (citing United States v. Webb, 655 F.2d 977, 979

6   (9th Cir. 1981)).

7       B.   Discussion

8           Plaintiff argues that leave to amend should be granted

9   because he seeks removal of all barriers that relate to his

10  disability and no bad faith or undue delay exists.  National

11  Seating argues that even if there is no bad faith or undue delay,

12  Plaintiff's proposed amendments are futile because Plaintiff has

13  not adequately alleged standing to sue under the ADA.

14          The Ninth Circuit has held that "[a]n ADA plaintiff who has

15  Article III standing as a result of at least one barrier at a

16  place of public accommodation may, in one suit, permissibly

17  challenge all barriers in that public accommodation that are

18  related to his or her specific disability."  Chapman v. Pier 1

19  Imports (U.S.) Inc., 631 F.3d 939, 950-51 (9th Cir. 2011).  For

20  Article III standing, a barrier "need only interfere with the

21  plaintiff's 'full and equal enjoyment' of the facility."  Id. at

22  947.  In Chapman, the court held that Chapman did not have

23  standing because he failed to sufficiently allege what barriers

24  he encountered and how his disability was affected by them.  Id.

25  at 954.

26          Relying on Chapman, Defendant argues that Plaintiff has not

27  alleged sufficient facts to establish standing to sue over the

28  additional thirty-nine barriers alleged in the FAC.  Opp. at 4.

3

1    However, as Plaintiff argues and the Ninth Circuit has clarified,

2    an ADA plaintiff who has standing as to one barrier may challenge

3    all barriers at that location related to his disability even if

4    he did not encounter those barriers.  Id. at 944 (holding "that

5    an ADA plaintiff who establishes standing as to encountered

6    barriers may also sue for injunctive relief as to unencountered

7    barriers related to his disability").  Here, unlike Chapman,

8    Plaintiff has alleged sufficient facts as to two barriers he

9    personally encountered and he has alleged how he was affected by

10   them.  See FAC ¶ 10 (describing the lack of parking spaces and

11   the men's restroom).  In addition, National Seating has not

12   challenged Plaintiff's standing as to those barriers.

13       National Seating also relies on Oliver v. Ralphs Grocery

14   Co., 654 F.3d 903 (9th Cir. 2011).  However, as Plaintiff's

15   argue, Oliver is inapposite.  In Oliver, the Ninth Circuit held

16   that the plaintiff did not have standing under the ADA because he

17   "did not give the defendants fair notice that the barriers listed

18   for the first time in the expert report were grounds for his

19   claim of discrimination under the ADA."  Id. at 908.  Here,

20   Plaintiff has listed all the barriers in the FAC thereby giving

21   Defendants fair notice.  Therefore, because Plaintiff has

22   standing as a result of at least one barrier, Plaintiff has

23   standing to sue over the additional thirty-nine barriers even if

24   he did not personally encounter them.

25

26                            III. ORDER

27       For the reasons set forth above, the Court GRANTS

28   Plaintiff's Motion for Leave to File a First Amended Complaint.

                                  4

1   The First Amended Complaint attached to Plaintiff's motion is

2   deemed filed as of the date of this order.   Defendants are

3   ordered to file their responsive pleading within twenty (20) days

4   of this order.

5           IT IS SO ORDERED.

6   Dated: August 13, 2013

7                                      JOHN A. MENDEZ,
                                       UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28