UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KALANI,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL SEATING AND MOBILITY, INC.; TRIMBLE LAND COMPANY, LLC,<br><br>        Defendants. | No. 2:13-cv-00061 JAM-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

    This matter is before the Court on Plaintiff Robert Kalani's ("Plaintiff") Motion for Leave to File a First Amended Complaint ("FAC") (Doc. #18). Defendant Trimble Land Company, LLC ("Trimble") filed a notice of non-opposition (Doc. #19). Defendant National Seating and Mobility, Inc., ("National Seating") opposes the motion (Doc. #20).[1] For the following reasons, Plaintiff's motion is GRANTED.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 7, 2013.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This case was initially filed on January 14, 2013 (Doc. #2). In the complaint, Plaintiff alleges three causes of action against Trimble and National Seating: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of the Unruh Civil Rights Act; and (3) denial of full and equal access to public facilities.  Compl. ¶¶ 15-44.

Plaintiff alleges that he visited the store owned/operated by Trimble and National Seating on May 29, 2012.  Id. ¶ 10. During his visit, he discovered that there were no parking spaces designated as accessible in front of the store causing him to park farther away.  Id.  He also had difficulty using the men's restroom at the store.  Id.

After this case was filed, Plaintiff had a consultant inspect the store to identify all barriers in the store related to Plaintiff's disability.  Declaration of Tanya Moore, Doc. #18-4, ¶¶ 2-4.  Plaintiff now seeks leave to file a FAC to include an additional thirty-nine barriers discovered by his consultant. FAC ¶ 11, Ex. A to Memorandum, Doc. #18-2.

II.   OPINION

A.   Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) prescribes that "[t]he court should freely give leave when justice so requires."  Id.  "This [leave] policy is 'to be applied with extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal

2

citations omitted). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citing United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

B.  Discussion

Plaintiff argues that leave to amend should be granted because he seeks removal of all barriers that relate to his disability and no bad faith or undue delay exists. National Seating argues that even if there is no bad faith or undue delay, Plaintiff's proposed amendments are futile because Plaintiff has not adequately alleged standing to sue under the ADA.

The Ninth Circuit has held that "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950-51 (9th Cir. 2011). For Article III standing, a barrier "need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." Id. at 947. In Chapman, the court held that Chapman did not have standing because he failed to sufficiently allege what barriers he encountered and how his disability was affected by them. Id. at 954.

Relying on Chapman, Defendant argues that Plaintiff has not alleged sufficient facts to establish standing to sue over the additional thirty-nine barriers alleged in the FAC. Opp. at 4.

3

1  However, as Plaintiff argues and the Ninth Circuit has clarified,
2  an ADA plaintiff who has standing as to one barrier may challenge
3  all barriers at that location related to his disability even if
4  he did not encounter those barriers. Id. at 944 (holding "that
5  an ADA plaintiff who establishes standing as to encountered
6  barriers may also sue for injunctive relief as to unencountered
7  barriers related to his disability"). Here, unlike Chapman,
8  Plaintiff has alleged sufficient facts as to two barriers he
9  personally encountered and he has alleged how he was affected by
10 them. See FAC ¶ 10 (describing the lack of parking spaces and
11 the men's restroom). In addition, National Seating has not
12 challenged Plaintiff's standing as to those barriers.
13     National Seating also relies on Oliver v. Ralphs Grocery
14 Co., 654 F.3d 903 (9th Cir. 2011). However, as Plaintiff's
15 argue, Oliver is inapposite. In Oliver, the Ninth Circuit held
16 that the plaintiff did not have standing under the ADA because he
17 "did not give the defendants fair notice that the barriers listed
18 for the first time in the expert report were grounds for his
19 claim of discrimination under the ADA." Id. at 908. Here,
20 Plaintiff has listed all the barriers in the FAC thereby giving
21 Defendants fair notice. Therefore, because Plaintiff has
22 standing as a result of at least one barrier, Plaintiff has
23 standing to sue over the additional thirty-nine barriers even if
24 he did not personally encounter them.
25
26                         III. ORDER
27     For the reasons set forth above, the Court GRANTS
28 Plaintiff's Motion for Leave to File a First Amended Complaint.

The First Amended Complaint attached to Plaintiff's motion is deemed filed as of the date of this order. Defendants are ordered to file their responsive pleading within twenty (20) days of this order.

IT IS SO ORDERED.

Dated: August 13, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5