UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KALANI, | No. 2:13-cv-0061 JAM CKD |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL SEATING & MOBILITY, INC., | |
| Defendant. | |

Plaintiff's motion to compel came on regularly for hearing September 25, 2013. Tanya Moore appeared for plaintiff. Catherine Corfee appeared for defendant National Seating & Mobility, Inc. ("NSM"). No appearance was made for defendant Trimble Land Company, LLC. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff contends defendant has waived any objections to the discovery because interrogatories, requests for production of documents and requests for admission were served by mail on counsel for defendant NSM on June 5, 2013; responses were due by July 8, 2013. Responses containing numerous boilerplate objections were not served until July 26, 2013. Defense counsel contends the service was ineffective because the discovery was not accompanied by an executed certificate of service.

1

Rule 5 of the Federal Rules of Civil Procedure provides that discovery may be served on a party's attorney by "mailing it to the person's last known address--in which event service is complete upon mailing. . . ." Fed.R.Civ.P. 5(a)(1)(C), (b)(1)-(2)(C). There is no requirement in the Rules that such a mailing contain a certificate of service, although a party is required to file a certificate of service with the court as to any discovery sought to be used in proceedings before the court. Fed.R.Civ.P. 5(d)(1)). See Willis v. Mullins, 2006 WL 2792857 at *2–3 (E.D. Cal. 2006 ) (service effective when it satisfies Rule 5(b); proof of service, which is separately addressed in Rule 5(d), not a required element of effective service); see also Russell v. City of Milwaukee, 338 F.3d 662, 665–67 (7th Cir. 2003) (absence of a certificate of service does not require invalidation of the paper where actual service has been accomplished). Whether the discovery at issue was accompanied by a certificate of service (either executed or not) is therefore irrelevant to determination of whether the responses were untimely.

Defendant's argument regarding whether the certificate of service was executed is similarly unavailing. The practice recommended in practice guides, for proofs of service executed under penalty of perjury,[1] such as the one at issue here, is for the person serving the document to fill out the proof of service and include a copy of the unexecuted proof of service in the envelope with the document being served on the opposing side. Only once the envelope has been sealed and the document mailed as indicated on the proof of service should the proof of service be executed. See, e.g. Judicial Council of California, Form APP-009-INFO (information sheet for proof of service). The original executed proof of service should then be maintained by the party serving the discovery. In this case, plaintiff's counsel provided a copy of the executed proofs of service to defense counsel in a letter dated June 19, 2013. See Joint Statement, Exh. E.

Defense counsel conceded in a letter dated June 10, 2013[2] that the discovery at issue was received no later than the date she sent the letter to plaintiff's counsel. See Joint Statement, Exh. B. Counting thirty days from that date, the discovery would have been due July 10, 2013.

---

[1] Under federal practice, the certificate of service need not be made under penalty of perjury. Local Rule 135(c), however, requires proof of service be made under penalty of perjury.

[2] The letter is also perplexingly dated March 22, 2013, prior to the propounding of the discovery.

Because the certificate of service indicates June 5, 2013 as the service date and defendant concedes receipt of the discovery no later than June 10, 2013, defendant's responses are untimely and all objections are waived.

With respect to the production of documents, defendant claims all documents have been voluntarily produced. It appears defense counsel misapprehends the purpose of formal discovery. Plaintiff is entitled to a formal response to the requests for production of documents indicating which documents are responsive to which requests. Similarly, defense counsel's informal representation that "expense" was not a defense is insufficient to meet defendant's obligations in responding to the discovery. The response to the request for financial information is woefully deficient given defendant's insistence on maintaining all the affirmative defenses pled in the answer to the amended complaint. The responses to the interrogatories are similarly deficient and particularly so in light of the absence of verifications, as required under Federal Rule of Civil Procedure 33(b)(3). In sum, the court finds defendant's responses to the propounded discovery exhibit a slip-shod attitude and fundamental misunderstanding of defendant's discovery obligations under the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 29) is granted.

2. All objections to the discovery at issue have been waived.

3. No later than October 9, 2013, defendant shall provide the missing bate-stamped documents and identify by bate-stamp number which documents are responsive to the individual requests for production of documents. Defendant shall provide an affidavit, under penalty of perjury, explaining the absence of documents bate-stamped 1-12 and 81. Defendant shall also provide, for inspection and copying, any responsive color photographs.

4. No later than October 9, 2013, defendant shall provide, without objection, further responses to interrogatories nos. 3, 4, 9-21. The further responses shall be verified and verifications shall be provided for the prior responses to interrogatories.

5. No later than October 9, 2013, defendant shall provide an unqualified admission or denial to request for admission no. 6. If defendant denies the request for admission, defendant

shall either withdraw the fifth and seventh affirmative defenses pled in the answer to the first amended complaint or produce the documents responsive to request for production of documents, no. 18.

      6.  No later than October 2, 2013, plaintiff shall submit evidence in support of the request for expenses incurred in connection with the motion to compel.  No later than October 9, 2013, defendant may file a response to plaintiff's submission regarding expenses.

Dated:  September 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 kalani.oah