UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KALANI,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL SEATING & MOBILITY, INC., and TRIMBLE LAND COMPANY, LLC,<br><br>    Defendants. | No. 13-cv-00061 JAM-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION** |

This matter is before the Court on Plaintiff Robert Kalani's ("Plaintiff") Motion to Amend the Judgment (Doc. #87) and Defendants National Seating & Mobility, Inc. ("NSM") and Trimble Land Company, LLC's ("Trimble") (collectively "Defendants") Motion for Reconsideration (Doc. #88). Defendants oppose Plaintiff's motion (Doc. #92) and Plaintiff opposes Defendants' motion (Doc. #91). Both Plaintiff and Defendants replied (Doc. ##93, 94, respectively).[1] For the reasons set forth below, Plaintiff's motion is granted and Defendants' motion is granted.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 23, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This case was initially filed on January 14, 2013 (Doc. #2). In the First Amended Complaint ("FAC"), the operative complaint in this case, Plaintiff alleges three causes of action against Defendants: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of the Unruh Civil Rights Act; and (3) denial of full and equal access to public facilities.  FAC ¶¶ 15-44, Doc. #27.  Plaintiff alleges that he visited the store owned/operated by Defendants on May 29, 2012.  Id. ¶ 10.

On February 19, 2014, the Court heard Plaintiff's Motion for Summary Judgment (Doc. #74) and Defendants' Cross-Motion for Summary Judgment (Doc. #76).  At the hearing, the Court held, in relevant part, that California Building Code ("CBC") 1129B.2 requires NSM to provide 20% accessible parking.  Transcript of Cross-Motions for Summary Judgment ("Transcript"), Doc. #89, at 106.  The Court also held that Plaintiff was not entitled to damages under the Unruh Act because Plaintiff had conceded at the hearing, and in his moving papers, that he was not seeking damages under the Unruh Act for any violations of California's access laws and during the hearing, the Court did not find any ADA violation.  Transcript at 108.

On March 10, 2014, Plaintiff moved to amend the Court's judgment as to Plaintiff's claim for damages under the Unruh Act. On March 12, 2014, Defendants moved for reconsideration of the Court's order, or in the alternative moved to amend the judgment, requiring NSM to provide 20% accessible parking pursuant to CBC

///

///

2

1   1129B.2.[2]

2

3                          II.   OPINION

4       A.   Legal Standard

5            1.   Motion to Amend

6       Federal Rule of Civil Procedure 59(e) allows a party to move
7   to alter or amend a judgment within 28 days after entry of
8   judgment.  See Fed. R. Civ. P. 59(e).  Reconsideration is
9   appropriate if "(1) the district court is presented with newly
10  discovered evidence, (2) the district court committed clear error
11  or made an initial decision that was manifestly unjust, or
12  (3) there is an intervening change in the controlling law."
13  Securities & Exch. Comm'n v. Platforms Wireless Int'l Corp., 617
14  F.3d 1072, 1100 (9th Cir. 2010).

15           2.   Motion to Reconsider

16       Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") governs
17  the reconsideration of final orders of the district court.  Rule
18  60(b) permits a district court to relieve a party from a final
19  order or judgment on grounds of "(1) mistake, inadvertence,
20  surprise, or excusable neglect; (2) newly discovered evidence
21  . . .; (3) fraud . . . of an adverse party; (4) the judgment is
22  void; (5) the judgment has been satisfied . . . or (6) any other
23  reason justifying relief from the operation of the judgment."
24  Fed. R. Civ. P. 60(b).

25  ───────────────
26  [2] "A district court may reconsider its grant of summary judgment
    under either Federal Rule of Civil Procedure 59(e) (motion to
    alter or amend a judgment) or Rule 60(b) (relief from judgment)."
27  Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d
    1255, 1262 (9th Cir. 1993).
28

                                  3

B.  Analysis

    1.  Plaintiff's Motion to Amend

Plaintiff argues that the Court erred by not awarding damages to him under the Unruh Act because he encountered barriers in violation of the ADA. Defendants respond that the Court did not clearly err because Plaintiff has not proven an ADA violation.

The Unruh Act broadly outlaws arbitrary discrimination in public accommodations, including discrimination based on disability. Jankey v. Sung Koo Lee, 55 Cal.4th 1038, 1044 (2012); Cal. Civ. Code § 51(b). Any violation of the ADA necessarily constitutes a violation of the Unruh Act. Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 51(f)). Where the basis of liability for an Unruh Act violation is an ADA violation, a plaintiff need not prove intentional discrimination. Munson v. Del Taco, Inc., 46 Cal.4th 661, 678 (2009). Moreover, the Unruh Act allows for monetary damages including automatic minimum penalties for $4,000 per occurrence. Cal. Civ. Code § 52.

To establish an ADA violation, "[a] plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski, 481 F.3d at 730. The parties in this case only dispute the third element.

        a.  ADA Violation SUF 48, 50: Access Aisle

Plaintiff argues that it is undisputed that Plaintiff

4

1 encountered a lack of an access aisle at the parking space
2 designated as accessible in violation of 2010 ADA Accessibility
3 Guidelines ("ADAAG") § 501.  Defendant argues that Plaintiff's
4 testimony about the ADA violations is inadmissible.
5     The 1991 and 2010 ADAAGs require that disabled parking
6 spaces have an adjacent access aisle.  See 28 C.F.R. pt. 36, App.
7 D, § 4.6.3, available at http://www.ada.gov/reg3a.html ("Parking
8 access aisles shall be part of an accessible route to the
9 building or facility entrance and shall comply with 4.3."); 36
10 C.F.R. pt. 1191, app. D., § 502.2, available at
11 http://www.ada.gov/regs010/2010ADAStandards/2010ADAstandards.htm
12 ("Car parking spaces shall be 96 inches (2440 mm) wide minimum
13 and van parking spaces shall be 132 inches (3350 mm) wide
14 minimum, shall be marked to define the width, and shall have an
15 adjacent access aisle complying with 502.3.").
16     Despite Defendants' contention, this issue does not require
17 an expert.  Plaintiff has personal knowledge that during his
18 visit the accessible parking spot had no access aisle.  Unlike
19 the paragraphs the Court struck in NSM's Declaration of Norm
20 Vanbrocklin, which were legal conclusions, Plaintiff stated that
21 he saw no access aisle and he did not merely state that the
22 parking space violated the ADA.  Further, Defendants never
23 disputed that there was no access aisle; Defendants only disputed
24 Plaintiff's recollection of when he visited the store.  See
25 Defs.' Resp. to PSUF, Doc. #75-12, ¶¶ 48, 50.  Therefore, the
26 Court finds that the lack of an access aisle was a barrier.
27     It is also undisputed that Defendants removed the barrier
28 and the removal of the barrier was readily achievable.  See

1  Defs.' Resp. to PSUF ¶¶ 35-35; see also Wilson v. Pier 1 Imports
2  (US), Inc., 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006) ("Having
3  found a barrier, the next step is determining whether the removal
4  of the barrier is readily achievable.  Given that the barrier has
5  already been cured, the court must find that it was readily
6  achievable, and thus that it violated the ADA and subsequently
7  the Unruh Act.")

8      Defendants also argue that Plaintiff has failed to establish
9  a cognizable injury in fact under the ADA.  However, Plaintiff
10 has ADA standing because he personally encountered the barrier,
11 which affected him by forcing him to park in two spots, and it
12 related to his disability because he uses a wheel chair and has a
13 disabled person's license plate.  See Order Granting Leave to
14 Amend, Doc. #26, at 4; Defs.' Resp. to PSUF, Doc. #75-12, ¶¶ 4-5;
15 Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th
16 Cir. 2011) ("Because the ADAAG establishes the technical
17 standards required for 'full and equal enjoyment,' if a barrier
18 violating these standards relates to a plaintiff's disability, it
19 will impair the plaintiff's full and equal access, which
20 constitutes 'discrimination' under the ADA.  That discrimination
21 satisfies the 'injury-in-fact' element of Lujan.")

22     Defendants further argue that "even a compliant Van
23 Accessible parking space for the vehicle does not work to enable
24 him to park barrier-free at any public accommodation" because
25 Plaintiff always has to find a space where no one is parked on
26 the driver's side.  Opp. at 9.  However, Plaintiff did not state
27 that he has to always park in a space where no one is parked on
28 the driver's side, but it was merely a goal.  See Corfee Decl. in

Opp. to Plaintiff's Mot. Sum., Ex. B, Kalani Dep. at 61:5-62:16. Moreover, Plaintiff does not have to encounter the barrier every time as long as he has encountered the barrier and it related to his disability.

Accordingly, the Court finds that the barrier existed, the cure was readily achievable, and therefore, the barrier violated the ADA.

### b. Difficulty, Discomfort, or Embarrassment under Unruh: Access Aisle

In addition, to prevail on an Unruh Act claim, a plaintiff must prove that he was denied full and equal access after personally encountering an ADA violation. Thomas Mundy v. Pro-Thro Enterprises, 192 Cal.App.4th Supp. 1, 5 (2011). "Denial of such access may be proved by showing that appellant experienced difficulty, discomfort, or embarrassment as a result of personally encountering the ADA violation." Id. Plaintiff contends that the lack of an access aisle caused him difficulty and discomfort. Defendants respond that Plaintiff has not met his burden of showing that the barrier caused him to suffer difficulty, discomfort, or embarrassment.

In his declaration, Plaintiff stated, "When I visited the Store on May 29, 2012, I parked in the parking space designated as accessible. However, there was no access aisle provided, so I had to take up two parking spaces in order to have enough room to transfer to my wheelchair which made the transfer difficult." Robert Kalani Decl., Doc. #74-4, ¶ 16. Defendants claim that absent from this statement is how or why the transfer was difficult. However, the statement is undisputed except for

7

1  Plaintiff's recollection of when he visited.  See Defs.' Resp. to
2  PSUF, Doc. #75-12, ¶ 50.  In addition, Plaintiff also stated,
3  "the parking space was too small, and I had to park taking up two
4  parking spaces, quite a distance from the entrance, causing me to
5  have to travel very far (for me) to the entrance.  I also had to
6  travel behind a lot of parked cars and I worried about a car
7  backing up into me."  Kalani Decl. ¶ 16.  Moreover, as discussed
8  above, the fact that Plaintiff may not regularly encounter this
9  barrier does not mean that the barrier does not cause him
10 difficulty.
11      Accordingly, the Court finds that Plaintiff was denied full
12 and equal access after personally encountering the lack of an
13 access aisle because he experienced difficulty and discomfort as
14 a result.
15                  c.   ADA Violation SUF 49, 51: Rear Grab Bar
16      Plaintiff argues that it is undisputed that the rear grab
17 bar was too close to the toilet tank in violation of 2010 ADAAG
18 § 609.3.  Defendants argue that Plaintiff's testimony about the
19 ADA violations is inadmissible.
20      Under ADAAG § 609.3, "The space between the grab bar and
21 projecting objects below and at the ends shall be 1 1/2 inches
22 (38 mm) minimum."  36 C.F.R. pt. 1191, app. D., § 609.32.
23      Plaintiff stated that the rear grab bar in the restroom was
24 too close to the toilet top rendering it unusable because there
25 was no room for his hand to grab the bar.  PSUF ¶ 49; Kalani
26 Decl. ¶ 19.  Defendants noted in their response to Plaintiff's
27 SUF that Plaintiff "could not have used the side grab bar,
28 because he admits in his declaration that he weigh[s] 450 lbs.

1  Grab bars are only required to support 250 lbs, which is roughly
2  half of Plaintiff's weight."  Defs.' Resp. to PSUF ¶¶ 49.
3  However, Defendants do not dispute the location of the bar.
4  Therefore, it is undisputed that the rear grab bar in the
5  restroom was too close to the toilet top.
6      Defendants also argue that Plaintiff is not an expert and
7  therefore, not competent to testify on the location of the grab
8  bar.  However, as mentioned above, Defendants failed to dispute
9  Plaintiffs' testimony.  Moreover, Plaintiff offered far more than
10 an unsupported conclusion that the grab bar was non-compliant; he
11 declared that "[w]hen I tried to transfer to the toilet, I found
12 that the rear grab was located basically on top of the toilet
13 tank, leaving no room for my hand to grab the bar."  PSUF ¶ 49.
14 Finally, Plaintiff does not have to be an expert for his
15 testimony to be admissible on this issue.  Strong v. Valdez Fine
16 Foods, 724 F.3d 1042, 1046 (9th Cir. 2013) ("The ADA was enacted
17 as a boon to disabled people, not expert witnesses.  Specialized
18 or technical knowledge is not required to understand [the
19 plaintiff's] straightforward assertions.")  Therefore, the Court
20 finds that the rear grab bar was also an ADA barrier because it
21 was too close to the toilet top to have the requisite space in
22 between the bar and the top of the toilet.  As with the
23 accessible aisle, it is undisputed that Defendants removed the
24 barrier and the removal of the barrier was readily achievable.
25 See Defs.' Resp.to PSUF, Doc. #75-12, ¶¶ 35-35.
26      Accordingly, the Court finds that the rear grab bar was a
27 barrier, the cure was readily achievable, and therefore, the
28 barrier violated the ADA.

### d. Difficulty, Discomfort, or Embarrassment under Unruh: Rear Grab Bar

Plaintiff claims that the position of the rear grab bar caused him difficulty because he could not use it to transfer to the toilet. Defendants do not directly dispute this issue. At most, Defendants argue that Plaintiff could not have used the rear grab bar because an ADA compliant grab bar need only support 250 pounds and Plaintiff weighs almost double. Opp. at 14. Defendants' argument assumes that grab bars are intended to support a person's total weight. However, grab bars are only meant to provide assistance. Therefore, the Court finds that Plaintiff was denied full and equal access after Plaintiff encountered a non-ADA compliant rear grab bar because he experienced difficulty as a result.

Accordingly, the Court grants Plaintiff's motion for reconsideration and awards Plaintiff $4,000 in damages.

### 2. Defendants' Motion for Reconsideration

Defendants request the Court to reconsider its Order regarding the number of accessible parking spots NSM is required to provide because the former version of the California code, CBC 1129B.2, was repealed on January 1, 2014, and California adopted a standard with the same language as the federal standard, 2010 ADAAG § 208.2.2. Plaintiff does not dispute that California updated its building code effective January 1, 2014, and the updated code section, 2013 CBC 11B-208.2.2, applies to this case. Instead, Plaintiff argues that California adopted the language of the federal standard because the federal standard provides

10

1  greater accessibility than the previous state standard.
2  Therefore, Plaintiff argues, because the Court held that CBC
3  1129B.2 required NSM to provide 20% accessible parking, CBC 11B-
4  208.2.2 requires NSM to provide 20% accessible parking as well.
5      However, Plaintiff's argument requires that the Court
6  reexamine its interpretation of ADAAG § 208.2.2.  During the
7  hearing, the Court held "that this guideline, ADAAG 208.2.2, does
8  not apply to NSM because it is not a rehabilitation facility or
9  an outpatient physical therapy facility."  Transcript at 100.  In
10 his opposition, Plaintiff has provided new arguments that were
11 not, but could and should have been, presented to the Court
12 during the summary judgment stage.  Additionally, he has provided
13 no evidence or circumstances that would satisfy the requirements
14 of Rule 60(b) or Rule 59(e) needed to reconsider this issue.
15     California repealed CBC 1129B.2 and adopted CBC 11B-208.2.2,
16 in part, to ensure consistency between the federal and state
17 standards and minimize conflicts between the two.  See Ex. B,
18 attached to Dec. of Zachary Best, Doc. 88-2, at 2.  Accordingly,
19 the Court adopts its analysis for 2010 ADAAG § 208.2.2 and holds
20 that CBC 11B-208.2.2 does not require NSM to provide 20%
21 accessible parking.

                        III.  ORDER

   For the reasons set forth above, the Court GRANTS
Plaintiff's Motion to Amend the Judgment and GRANTS Defendants'
Motion to Reconsider.

   IT IS SO ORDERED.

   Dated:  April 24, 2014

                            _____
                            JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE

                                11