1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT KALANI,                        No.  2:13-cv-00061 JAM-CKD

12              Plaintiff,

13         v.                               **ORDER SUSTAINING DEFENDANTS'**
                                            **OBJECTIONS TO PLAINTIFF'S BILL**
14    NATIONAL SEATING AND                  **OF COSTS AND GRANTING**
      MOBILITY, INC.; TRIMBLE LAND          **PLAINTIFF'S MOTION FOR**
15    COMPANY, LLC,                         **ATTORNEY'S FEES IN PART AND**
                                            **DENYING IN PART**
16              Defendants.

17

18         This matter is before the Court on Plaintiff Robert

19    Kalani's ("Plaintiff") Bill of Costs (Doc. #99) and Plaintiff's

20    Motion for Attorney's Fees (Doc. #102).  Defendants National

21    Seating & Mobility, Inc. ("NSM") and Trimble Land Company, LLC

22    ("Trimble") (collectively "Defendants") filed joint objections

23    to Plaintiff's bill of costs (Doc. #100) and separately opposed

24    Plaintiff's motion for attorney's fees (Doc. ##111, 112).

25    Plaintiff replied (Doc. #114).[1]  For the following reasons, the

26    _____

27    [1] This motion was determined to be suitable for decision without
      oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28    for July 23, 2014.

                                       1

1  Court sustains Defendants' objections to Plaintiff's bill of

2  costs and grants in part and denies in part Plaintiff's motion

3  for attorney's fees.

4

5          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

6          The facts are well known to the parties and therefore only a

7  brief summary is provided.  This case was initially filed on

8  January 14, 2013 (Doc. #2).  In the First Amended Complaint

9  ("FAC"), the operative complaint in this case, Plaintiff alleged

10  three causes of action against Defendants: (1) violation of the

11  Americans with Disabilities Act of 1990 ("ADA"); (2) violation of

12  the Unruh Civil Rights Act ("Unruh Act"); and (3) denial of full

13  and equal access to public facilities.  FAC ¶¶ 15-44, Doc. #27.

14  Plaintiff alleged that he visited the store owned/operated by

15  Defendants on May 29, 2012.  Id. ¶ 10.  He alleged there were 39

16  barriers.  Id. ¶ 11.

17          On September 25, 2013, the Court granted in part and denied

18  in part NSM's first Motion for Summary Judgment (Doc. #42).  On

19  February 19, 2014, the Court heard Plaintiff's Motion for Summary

20  Judgment (Doc. #74) and Defendants' Cross-Motion for Summary

21  Judgment (Doc. #76).  At the hearing, the Court granted in part

22  and denied in part Plaintiff's Motion for Summary Judgment,

23  holding that the California Building Code ("CBC") section 1129B.2

24  requires NSM to provide 20% accessible parking but denying

25  Plaintiff damages under the Unruh Act.  Transcript of Cross-

26  Motions for Summary Judgment ("Transcript"), Doc. #89, at 106.

27  The Court also granted in part and denied in part Defendants'

28  Cross-Motion for Summary Judgment, granting summary judgment in

2

1  favor of Defendants on the remaining contested barriers alleged

2  by Plaintiff.  Id.  On April 24, 2014, the Court granted

3  Plaintiff's Motion to Amend the Judgment and granted Defendants'

4  Motion to Reconsider, holding that Plaintiff was entitled to

5  $4,000 in damages under the Unruh Act and holding that NSM was

6  not required to provide 20% accessible parking pursuant to the

7  CBC.  After judgment was entered, Plaintiff submitted his bill of

8  costs requesting $7,252.37 in costs (Doc. #99) and moved for

9  $143,292.50 in attorney's fees (Doc. ##102, 114).

10

11                         II.   OPINION

12      A.   Bill of Costs

13      Defendants object to Plaintiff's specific costs and

14  generally, they object to any award of costs because of

15  Plaintiff's limited success.

16      In this case, both Plaintiff and Defendants are prevailing

17  parties and presumptively entitled to recover costs because the

18  parties prevailed on portions of their motions for summary

19  judgment.  Generally, when a court grants "a portion of each

20  side's request for summary judgment . . . .  the [court] will not

21  award costs to either side."  Barboza v. California Ass'n of

22  Prof'l Firefighters, CIV S-2:08-519-KJM, 2013 WL 4012645, at *4

23  (E.D. Cal. Aug. 6, 2013) (citing United States v. Curtis-Nevada

24  Mines, Inc., 415 F. Supp. 1373, 1379 (E.D. Cal. 1976), rev'd on

25  other grounds, 611 F.2d 1277 (9th Cir. 1980)); see also C & E

26  Servs., Inc. v. Ashland Inc., 601 F. Supp. 2d 262, 280 (D.D.C.

27  2009) (holding that each party shall bear its own costs because

28  both parties prevailed in the case and it would be difficult to

                                3

1  differentiate between the various claims and theories).  Because

2  both parties prevailed on portions of their motions for summary

3  judgment, the Court declines to award costs to Plaintiff.  Each

4  party shall bear their own costs.

5       B.   Motion for Attorney Fees

6       Plaintiff requests attorney fees pursuant to California

7  Civil Code section 52(a).  Each Defendant opposes Plaintiff's

8  motion separately; however, to the extent possible, the Court

9  will address both oppositions together.

10          1.   Subject Matter Jurisdiction

11      NSM argues that the Court must first determine whether it

12  has subject matter jurisdiction to award attorney's fees.  A

13  district court lacks jurisdiction to award attorney's fees if the

14  underlying claim was dismissed for lack of subject matter

15  jurisdiction.  See Elwood v. Drescher, 456 F.3d 943, 948 (9th

16  Cir. 2006).  Here, the underlying claims were not dismissed for

17  lack of subject matter jurisdiction.  Further, during the hearing

18  on the summary judgment motions, the Court found that Plaintiff

19  has standing.  See Transcript at 97.  Therefore, the Court has

20  subject matter jurisdiction to award attorney's fees.

21          2.   Prevailing Party

22      NSM argues that Plaintiff is not the prevailing party and

23  the Court should revisit Plaintiff's claims regarding the rear

24  grab bar and the lack of an access aisle.  However, these

25  arguments are improperly raised in its opposition to Plaintiff's

26  motion for attorney's fees.  Accordingly, the Court declines

27  NSM's request to reconsider its previous rulings on Plaintiff's

28  claims.

4

1          3.    Lodestar

2          Under the Unruh Act, Plaintiff is entitled to recover "any

3     attorney fees that may be determined by the court."  Cal. Civ.

4     Code § 52(a).  In civil rights litigation, the "prevailing

5     plaintiff 'should ordinarily recover an attorney's fee unless

6     special circumstances would render such an award unjust.'"

7     Hensley v. Eckerhart, 461 U.S. 424, 492 (1983) (quoting Newman v.

8     Piggie Park Enter., 390 U.S. 400, 402 (1968)).  "The starting

9     point for calculating the amount of a reasonable fee is the

10    number of hours reasonably expended multiplied by a reasonable

11    hourly rate. . . .  This lodestar figure is presumptively

12    reasonable and should only be enhanced or reduced in 'rare and

13    exceptional cases.'"  Chapman v. Pier 1 Imports, Inc., CV.S-04-

14    1339 LKK/DAD, 2007 WL 2462084, at *1 (E.D. Cal. Aug. 24, 2007)

15    (internal citations omitted).

16              a.    Reasonable Hourly Rate

17         Plaintiff seeks $300 an hour for attorney Tanya Moore ("Ms.

18    Moore"), $125 an hour for paralegal Whitney Law ("Ms. Law"), and

19    $150 an hour for paralegal Marejka Sacks ("Ms. Sacks").  Trimble

20    does not dispute Ms. Moore's hourly rate (Trimble Opp. at 3);

21    however, NSM argues that her hourly rate should be $250 (NSM Opp.

22    at 16).

23         In this action, Magistrate Judge Delaney set Ms. Moore's

24    hourly rate at $250 for the purposes of awarding sanctions.  See

25    Order Awarding Costs, Oct. 16, 2013, Doc. #62; Order Awarding

26    Costs, Nov. 14, 2013, Doc. #69.  Judge Delaney based Ms. Moore's

27    hourly rate on two Eastern District cases from 2007 and 2008

28    because of her relative inexperience.  Contrastingly, another

1   court in this district found that $300 was a reasonable hourly

2   rate for Ms. Moore based on her work on ADA cases.  Gutierrez v.

3   Vantia Properties, LLC, 1:13-CV-00642-LJO, 2014 WL 2106570, at *8

4   (E.D. Cal. May 20, 2014).  Ms. Moore has 14 years of legal

5   experience and several years of experience in ADA cases in

6   particular.  Id.; Moore Decl. ¶ 30.  Therefore, the Court finds

7   that $300 an hour is a reasonable hourly rate for Ms. Moore.

8        Both NSM and Trimble dispute Ms. Sacks' and Ms. Law's hourly

9   rate, arguing that their rates should not exceed $75 an hour.

10  Trimble Opp. at 3-4; NSM Opp. at 16.  In this action, Judge

11  Delaney set both Ms. Sacks and Ms. Law's rate at $75 an hour.

12  See Order Awarding Costs, Oct. 16, 2013, Doc. #62; Order Awarding

13  Costs, Nov. 14, 2013, Doc. #69.  In Hall v. City of Fairfield,

14  citied by Plaintiff, the court found that the Sacramento market

15  rate for paralegals is $150.  10-CV-0508 DAD, 2014 WL 1286001, at

16  *8 (E.D. Cal. Mar. 31, 2014).  However, in Gutierrez, the court

17  found $115 per hour for work performed by paralegals in ADA cases

18  to be reasonable and awarded Ms. Sacks $115 an hour and a mixed

19  rate of $85 and $115 to Ms. Law depending on the work performed.

20  Gutierrez, 2014 WL 2106570, at *9 (E.D. Cal. May 20, 2014).  Ms.

21  Sacks and Ms. Law have 10 and 5 years' experience respectively as

22  paralegals; further, Ms. Sacks has almost 4 years specializing in

23  civil rights cases and Ms. Law has almost 1 year.  Accordingly,

24  based on their experience and Gutierrez, the Court finds that Ms.

25  Sacks is entitled to $115 an hour and Ms. Law is entitled to $85

26  an hour.  Ms. Law is not entitled to a mix rate in this case as

27  she was awarded in Gutierrez because Plaintiff has not presented

28  any reason to assign two rates and Ms. Law is not as experienced

                                   6

1   as Ms. Sacks.

2      Accordingly, the Court finds the reasonable hourly rates in

3   this case to be as follows: $300 an hour for Ms. Moore, $115 for

4   Ms. Sacks, and $85 for Ms. Law.

5               b.  <u>Hours Billed</u>

6      Defendants argue that the hours billed in this case are

7   unreasonable.  Plaintiff claims that the total hours billed are

8   321.5 for Ms. Moore, 308.6 for Ms. Sacks, and 64.1 for Ms. Law,

9   and he argues that he has provided sufficient information to

10   enable the Court to consider all the factors necessary to

11   determine a reasonable attorney's fee award.  To determine the

12   appropriate lodestar, "[t]he district court also should exclude

13   from this initial fee calculation hours that were not 'reasonably

14   expended.'"  <u>Hensley</u>, 461 U.S. at 434.

15      In this case, Plaintiff provided both an invoice with

16   specific time entries for all the work performed and a chart with

17   a breakdown of the work performed and the hours billed.  Mot. 8-

18   13.  Based on the invoice and chart, the Court finds the hours

19   expended on the motion to amend to be excessive.  This motion was

20   straightforward and did not involve complex legal issues.

21   Therefore, the Court reduces Ms. Moore's and Ms. Sacks' hours

22   from 6.1 and 7.8 respectively to 2 hours each (a 4.1 and 5.8

23   reductions).  <u>See</u> Mot. at 9.  Similarly, the Court reduces Ms.

24   Moore's and Ms. Sacks' hours for the motion to strike NSM's

25   amended answer from 4.9 and 6.6 to 1 and 2 hours respectively

26   because the motion was a joint motion with Trimble and it was a

27   simple motion based on a procedural issue; thus, a reduction of

28   3.9 and 4.6 hours is warranted.  Mot. at 11.  The Court also

1  reduces the hours expended on NSM's motion to stay discovery from

2  13.9 total to 6 total (2.5 hours for Ms. Moore, 3 for Ms. Sacks,

3  and 0.5 for Ms. Law) because it was a discovery motion and NSM

4  ultimately withdrew the motion.  Further, the Court reduces the

5  hours expended on the reply to Plaintiff's present motion for

6  attorney's fees from 9.10 hours for Ms. Moore to 3 hours and from

7  11.9 hours for Ms. Sacks to 5 hours because the reply repeated

8  many arguments presented in the original motion.  Reply at 9-10.

9  Finally, the Court eliminates all the hours associated with

10  Plaintiff's motion to compel discovery and motion for a

11  protective order because Plaintiff has already been awarded

12  reasonable expenses for these motions.  See Order Awarding Costs,

13  Oct. 16, 2013, Doc. #62; Order Awarding Costs, Nov. 14, 2013,

14  Doc. #69.  The total reductions in this case are 57.6 for Ms.

15  Moore, 60 for Ms. Sacks, and 16.3 for Ms. Law.

16      Defendants also argue that Plaintiff has overbilled for

17  clerical work.  However, as Plaintiff points out, it is unclear

18  what Defendants define as clerical work.  More importantly, the

19  Court finds that the hours billed were expended on substantive

20  work.

21      Therefore, the Court finds that reasonable hours in this

22  matter are as follows:

23

| Timekeeper | Hours | Rate | Total |
|------------|-------|------|-------|
| Ms. Moore | 263.9 | $300 | $79,170 |
| Ms. Sacks | 248.6 | $115 | $28,589 |
| Ms. Law | 47.8 | $85 | $4,063 |

28

8

1    After deducting time not deemed by the Court to have been

2  reasonably expended, the lodestar figure for fees in this matter

3  is $111,822.

4         4.   <u>Adjusting the Lodestar</u>

5    NSM requests a downward adjustment to the lodestar because

6  Plaintiff's victory was slight and several barriers were moot.

7    In cases of partial success, a court must follow a two-part

8  analysis in deciding whether to reduce the fee award:

9         First, the court asks whether the claims upon which the
           plaintiff failed to prevail were related to the
10         plaintiff's successful claims.  If unrelated, the final
           fee award may not include time expended on the
11         unsuccessful claims.  If the unsuccessful and
           successful claims are related, then the court must
12         apply the second part of the analysis, in which the
           court evaluates the 'significance of the overall relief
13         obtained by the plaintiff in relation to the hours
           reasonably expended on the litigation.  'If the
14         plaintiff obtained 'excellent results,' full
           compensation may be appropriate, but if only [']partial
15         or limited success' was obtained, full compensation may
           be excessive.  Such decisions are within the district
16         court's discretion.

17    <u>White v. Save Mart Supermarkets</u>, CIV. S03-2402MCEKJM, 2005

18  WL 2675040, at *4 (E.D. Cal. Oct. 20, 2005) (quoting <u>Schwarz v.</u>

19  <u>Sec'y of Health & Human Servs.</u>, 73 F.3d 895, 901 (9th Cir.

20  1995)).

21    To determine whether unsuccessful and successful claims are

22  related,

23         the test is whether relief sought on the unsuccessful
           claim is intended to remedy a course of conduct
24         entirely distinct and separate from the course of
           conduct that gave rise to the injury on which the
25         relief granted is premised.  Thus, the focus is to be
           on whether the unsuccessful and successful claims arose
26         out of the same course of conduct.

27    <u>Id.</u>  Here, Plaintiff alleged 39 different barriers.  Of

28  those 39, Plaintiff was successful on 2, Defendants were

1  successful on 16, and 21 were mooted.  Plaintiff argues that the

2  two claims—ADA and Unruh Act—involved the exact same facts and

3  analysis, and therefore, the Court should award the total fee

4  amount.  Although the ADA and Unruh Act are related in this

5  matter, each alleged barrier was different and "premised on

6  different sections of the ADA Accessibility Guidelines to

7  determine liability."  Id.  Therefore, the Court finds that each

8  barrier is unrelated and distinct.  Moreover, Plaintiff is not

9  the prevailing party for the barriers that were mooted.  See

10 Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health, 532

11 U.S. 598 (2001) (holding that where a plaintiff's lawsuit is the

12 catalyst that caused defendants to remove barriers but where the

13 plaintiff fails to secure a judgment, he is not the prevailing

14 party on the ADA claim because he did not secure a material

15 alteration in the relationship between the parties).  Because it

16 is impossible to apportion fees between Plaintiff's 2 successful

17 claims, 16 unsuccessful claims, and 21 mooted claims, the Court

18 reduces Plaintiff's award of attorney's fees by 90% to account

19 for her limited success.  Accordingly, the attorney's fee award

20 in this case is $11,182.20.

21          5.   Apportionment of Fees

22      Trimble requests apportionment of fees because the time

23 expended by Plaintiff for each Defendant is grossly unequal.  "In

24 deciding whether apportionment is mandated, the court focuses on

25 the time expended by the plaintiff in pursuing each defendant,

26 rather than on relative liability."  El-Hakem v. BJY Inc., 415

27 F.3d 1068, 1075 (9th Cir. 2005)(citation omitted).  The Ninth

28 Circuit has "held that a court abuse[s] its discretion in not

apporting fees when the time expended by the plaintiff in pursuing each defendant was grossly unequal." Id. (citation omitted).   In this case, Trimble did not oppose Plaintiff's motion to amend, joined the motion to strike NSM's second amended answer, did not join several motions filed by NSM, and did not engage in unnecessary discovery disputes.   Plaintiff and NSM, not Trimble, overly litigated this action.   Therefore, the Court finds that apportionment of fees is mandated in this case. Accordingly, the Court holds Trimble liable for 25% ($2,795.55) and NSM  liable for 75% ($8,386.65) of the total award fee.


                         III.   ORDER

     For the reasons set forth above, the Court SUSTAINS Defendants' objections to Plaintiff's Bill of Costs and denies Plaintiff's costs.   In addition, the Court GRANTS Plaintiff's motion for attorney's fees in part and DENIES in part.   The Court awards Plaintiff $11,182.20 in attorney's fees, of which Trimble is liable for 25% ($2,795.55) and NSM is liable for 75% ($8,386.65).

     IT IS SO ORDERED.

Dated: August 12, 2014

                                   _____
                                   JOHN A. MENDEZ,
                                   UNITED STATES DISTRICT JUDGE